UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-10650 RWZ

MAGISTRATE JUDGE Alexander

| | |
|---|---|
| FLEET NATIONAL BANK<br>Plaintiff, | )<br>) |
| VS. | )<br>)  No. |
| EUGENE KELLEY<br>JACQUELINE KELLEY<br>Defendants | )<br>)<br>)<br>) |

RECEIPT # 63228
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ✓
WAIVER FORM
MCF ISSUED
BY DPTY CLK ZOW
DATE 4-4-05

## NOTICE OF REMOVAL

1. Pursuant to 28 U.S.C. § 1441(b), 1331, and 1446, the Plaintiff/Defendant in Counterclaim, Fleet National Bank ("Fleet") hereby remove to this Court the above-captioned state court civil action which is pending in the Boston Municipal Court Department, Civil Business Division, Commonwealth of Massachusetts.

2. On or about March 7, 2005, the Defendants/Plaintiffs in Counterclaim, Eugene Kelley and Jacqueline Kelley, ("Kelleys") filed a counterclaim ("Counterclaim") in Civil Action, 239469 against Fleet National Bank. The Counterclaim sets forth allegations that Fleet inaccurately reported the status of the promissory note (the "Note") to various consumer credit reporting agencies and as a result the Note was inaccurately reported on the Kelleys' credit reports. The Note is the basis of the state court civil action.

3. Congress has provided that any claims setting forth the accuracy or fairness of consumer credit reporting are governed by 15 U.S.C. § 1681, The Fair Credit Reporting Act.

4. This Court has original jurisdiction of the above-captioned action pursuant to 28 U.S.C. § 1331 as the claims asserted on the face of the Counterclaim present questions under federal law. To the extent the Counterclaim asserts any claim under state law, this court may exercise jurisdiction over those claims as well pursuant to 28 U.S.C. § 1367(a).

5. This Notice is filed with this Court within thirty (30) days after attempted service of the Counterclaim.

                                                       Plaintiff/Defendant in Counterclaim,
                                                       Fleet National Bank
                                                       By their Attorneys,
                                                       Shechtman Halperin Savage, LLP,

_____
Shawn M. Masterson, #658276
86 Weybosset Street
Providence, RI 02903
(401) 272-1400 phone
(401) 272-1403 fax

## CERTIFICATE OF SERVICE

I certify that the within Notice of Removal was served upon the following *counsel for* Defendants/Plaintiffs in Counterclaim by first class mail, postage prepaid, on March 31, 2005:

**Karl F. Stammen, Jr., Esq**
**137 South Street, Suite 3**
**Boston, MA 02111**

                                                       _____
                                                       Shawn M. Masterson

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                         BOSTON MUNICIPAL COURT
                                                              CIVIL BUSINESS DIVISION
                                                              Civil Action No. 239469

FLEET NATIONAL BANK,
    Plaintiff

VS.

EUGENE KELLEY and
JACQUELINE KELLEY
    Defendants

## PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIM

1. Paragraph 1 of Defendant's counterclaim (the "Counterclaim") admitted.

2. Paragraph 2 of the Counterclaim admitted.

3. Paragraph 3 of the Counterclaim admitted.

4. Paragraph 4 of the Counterclaim admitted.

5. Paragraph 5 of the Counterclaim admitted.

6. Paragraph 6 of the Counterclaim admitted.

7. Plaintiff is without knowledge or information sufficient enough to form a belief as to the truthfulness of the allegations contained in Paragraph 7 of the Counterclaim and denies the same.

8. Plaintiff is without knowledge or information sufficient enough to form a belief as to the truthfulness of the allegations contained in Paragraph 8 of the Counterclaim and denies the same.

9. Plaintiff is without knowledge or information sufficient enough to form a belief as to the truthfulness of the allegations contained in Paragraph 9 of the Counterclaim and denies the same.

10. Plaintiff denies the allegations contained in paragraph 10 of the Counterclaim.

11. Plaintiff denies the allegations contained in paragraph 11 of the Counterclaim.

12. Plaintiff denies the allegations contained in paragraph 12 of the Counterclaim.

13. Plaintiff denies the allegations contained in paragraph 13 of the Counterclaim.

14. Plaintiff hereby incorporates its responses to paragraphs 1 through 13,

15. Paragraph 15 is a legal conclusion to which no response is required. However, to the extent that there are factual allegations contained therein, Plaintiff denies the same.

16. Paragraph 16 is a legal conclusion to which no response is required. However, to the extent that there are factual allegations contained therein, Plaintiff denies the same.

17. Plaintiff denies the allegations contained in paragraph 17 of the Counterclaim.

18. Plaintiff hereby incorporates its responses to paragraphs 1 through 17.

19. Plaintiff denies the allegations contained in paragraph 19 of the Counterclaim.

20. Paragraph 20 is a legal conclusion to which no response is required. However, to the extent that there are factual allegations contained therein, Plaintiff denies the same.

21. Paragraph 21 is a legal conclusion to which no response is required. However, to the extent that there are factual allegations contained therein, Plaintiff denies the same.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

### SECOND DEFENSE

Defendants' Counterclaim fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Defendants' Counterclaim should be dismissed for lack of personal jurisdiction.

### FOURTH DEFENSE

Defendants' Counterclaim should be dismissed for lack of subject matter jurisdiction.

### FIFTH DEFENSE

Defendants' Counterclaim should be dismissed for insufficiency of process.

### SIXTH DEFENSE

Defendants' Counterclaim should be dismissed for insufficiency of service of process.

### SEVENTH DEFENSE

Defendants' Counterclaim should be dismissed for failure to name an indispensable party.

### EIGHTH DEFENSE

Plaintiff asserts the equitable defenses of unclean hands, waiver, estoppel, setoff, recoupment, and laches.

### NINTH DEFENSE

Defendants' Counterclaim is barred by the applicable statute of limitations

                                                             Plaintiff,
                                                           By its Attorneys,
                                                           Shechtman Halperin Savage, LLP

                                                           Shawn M. Masterson, BBO# 658276
                                                           86 Weybosset Street
                                                           Providence, RI 02903
                                                           (401) 272-1400

Dated: March 31, 2005

## CERTIFICATION

       I certify that on this 31st day of March 2005, I mailed a true and accurate copy of the within document to Karl Stammen, Esq., 137 South Street, Suite 3., Boston, MA 02111.

_____
Shawn M. Masterson

KARL F. STAMMEN, JR.
ATTORNEY AT LAW

137 SOUTH STREET, SUITE 3
BOSTON, MA 02111

T: 617.227.8050
781.659-2292
F: 617.695.0519

March 7, 2005

Boston Municipal Court Dept.
John W. McCormick Post Office &
Courthouse, 16th floor
90 Devonshire Street
Boston Ma 02109
Attn: Civil Clerk's Office

re:     Fleet National Bank

        v.

        Eugene Kelley and
        Jacqueline Kelley

        Civil Action No.: 239469

Dear Sir/Madam:

Enclosed for filing please find Defendants' Amended Answer with Affirmative Defenses, Counterclaims and Demand For Jury Trial. Kindly file and docket the enclosed.

I thank you for your courtesy and assistance in this regard.

Very Truly Yours,

Karl F. Stammen, Esq.

KFS:cc

Enclosure

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                          BOSTON MUNICIPAL COURT
                                      CIVIL BUSINESS DIVISION
                                      CIVIL ACTION NO.: 239469

FLEET NATIONAL BANK,         )
        Plaintiff            )
                             )
                             )
                             )   DEFENDANTS' AMENDED
V.                           )   ANSWER WITH
                             )   AFFIRMATIVE DEFENSES,
                             )   COUNTERCLAIMS AND
EUGENE KELLEY and            )   DEMAND FOR TRIAL BY JURY
JACQUELINE KELLEY            )
        Defendants           )
                             )

1. The defendants admit the allegations set forth in paragraph 1 of the plaintiff's amended complaint.

2. The defendants admit the allegations set forth in paragraph 2 of the plaintiff's amended complaint.

3. The defendants admit the allegations set forth in paragraph 3 of the plaintiff's amended complaint.

4. The defendants deny the allegations set forth in paragraph 4 of the plaintiff's amended complaint.

WHEREFORE, the defendants pray that the plaintiff's complaint be dismissed and that the defendants be awarded their costs and reasonable attorney's fees incurred in defending this frivolous action.

### AFFIRMATIVE DEFENSES

### FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The plaintiff's complaint fails to state a claim upon which relief can be granted.

## ESTOPPEL

The plaintiff's claims are barred by the doctrine of Estoppel.

## WAIVER

The plaintiff has waived any claims which it may have had against the defendants.

## FAILURE TO GIVE NOTICE
## OF CLAIM

If the defendants owe the plaintiff anything, which they deny, the plaintiff failed to give the defendants timely notice of its claim.

## PAYMENT

All monies which the defendants owed the plaintiff were paid.

## ACCORD AND SATISFACTION

An accord and satisfaction was reached between plaintiff and defendants relative to money owed the plaintiff by the defendants.

WHEREFORE, the defendants pray that plaintiff's complaint be dismissed and that they be awarded their costs and reasonable attorney's fees in defending this frivolous action.

## COUNTERCLAIM

### Parties

1. The Defendant/Plaintiff in Counterclaim Eugene Kelley is an individual residing at 99 Summer St., East Boston, MA.

2. The Defendant/Plaintiff in Counterclaim Jacqueline Kelley is an individual residing at 99 Summer St., East Boston, MA.

3. The Plaintiff/Defendant in Counterclaim, Fleet Bank, is a business entity with principal place of business located in Greensboro, North Carolina. Bank of America is successor in interest to Fleet Bank.

### Statement of Facts

4. On or about March 6, 1989 the Defendants/Plaintiffs (hereinafter, the Kelleys) in counterclaim purchased the premises known and numbered as 278 Lincoln St. (hereinafter the subject property).

5. In order to finance the purchase of the subject property the Kelleys obtained a loan from Sentry Federal Savings Bank, executed a note under which they promised to repay Sentry Federal Savings Bank the loan and granted Sentry Federal Savings Bank a mortgage on the subject property to secure repayment of the loan.

6. At some point following the events described in Paragraph 5 of this counterclaim the Plaintiff/Defendant in Counterclaim, Fleet Bank (hereinafter Fleet), became the holder of the note and mortgage which the Kelleys had granted Sentry Federal Savings Bank as set forth herein.

7. At some point after Fleet became the holder of the note and mortgage referenced herein the Kelleys decided to sell the subject property.

8. At the time that the Kelleys were in the process of selling the subject property a payoff of the note and mortgage secured by the subject real estate was ordered from Fleet.

9. In response to the order Fleet provided a payoff statement on the note and mortgage secured by the subject real estate.

10. The payoff statement provided by Fleet understated the amount which the Kelleys owed under the terms of the note and mortgage secured by the subject real estate.

11. On or about October 28, 1999 the Kelley's sold the subject real estate. From the proceeds of the sale payoff of the note and mortgage secured by the subject real estate was made to Fleet in the amount called for under the payoff statement provided by Fleet and in reliance thereon.

12. Thereafter Fleet issued a discharge of the subject mortgage and on or about September 8, 2000 it was recorded.

13. Subsequent to Fleet accepting the payoff of the subject note and mortgage in accordance with the payoff statement which Fleet issued and subsequent to issuing a discharge of the subject mortgage, unbeknownst to the Kelleys the subject loan was adversely reported on their credit history.

## Count I

## Negligence

14. The Kelleys repeat, re-allege and re-aver all of the allegations set forth in Paragraphs 1-13 of their counterclaim as if set forth in their entirety herein and incorporate them by reference herein.

15. At all times relevant hereto Fleet owed the Kelleys a duty to keep accurate records and not improperly report adverse credit events on their credit history.

16. By allowing the note and mortgage referred herein to be reported adversely on the Kelleys' credit report after, to the Kelley's knowledge, it had been paid in full and discharged, Fleet breached the duty which it owed to the Kelleys.

17. The Kelleys have been damaged by Fleet's erroneous and negligent reporting of adverse credit events on their credit history.

**WHEREFORE**, the Kelleys pray that judgment enter for them against Fleet in an amount equal to the damage they have sustained as a result of Fleet's negligence.

## Count II

### Unfair and Deceptive Business Practices in Violation of MGL c. 93A

18. The Kelleys repeat, re-allege and re-aver all of the allegations set forth in Paragraphs 1 -17 of this counterclaim as if set forth in their entirety and incorporate them by reference herein.

19. At all times relevant hereto the Plaintiff/Defendant in counterclaim, Fleet Bank was in the business of lending within the meaning of MGL c. 93A.

20. All of the actions taken by Fleet as alleged in this counterclaim were taken during the course of its' business and taken individually and collectively constitute unfair and deceptive business practices as defined by the statute.

21. The Kelleys have suffered damage as a result of Fleet's unfair and deceptive business practices.

**WHEREFORE,** the Kelleys pray that judgment enter for them against Fleet in an amount equal to the damages which they have sustained as the result of Fleet's unfair and deceptive business practices, that that amount be doubled and or trebled, that the Kelleys be awarded their reasonable attorneys' fees, all as called for under the statute and that this Honorable Court award the Kelleys any and all such other relief as it deems meet, just and proper.

THE DEFENDANTS DEMAND TRAIL BY JURY ON ALL MATTERS ASSERTED.

                        Defendants/Plaintiffs in Counterclaim,
                        Eugene Kelley and Jacqueline Kelley
                        by their attorney,

                        Karl F. Stammen Jr.
                        137 South St. # 3
                        Boston, MA 02111
                        BBO # 555537
                        (617) 227 - 8050

## CERTIFICATE OF SERVICE

I hereby certify that on this date the original and a copy of the foregoing was served by first class mail, postage prepaid, and by facsimile to Shawn M. Masterson, Esq., 86 Weybosset St., Providence, RI 02903, this 7th day of March, 2005.

_____
Karl F. Stammen, Esq.

March 7, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Fleet National Bank vs Eugene Kelley__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [X]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [X]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Shawn M. Masterson   BBO# 658276
ADDRESS   86 Weybosset Street   Providence, RI 02903
TELEPHONE NO.   877-575-1400

(CategoryForm.wpd - 2/15/05)

℅JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Fleet National Bank

**DEFENDANTS**
Eugene Kelley and Jacqueline Kelley

(b) County of Residence of First Listed Plaintiff  Greensboro, NC
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Suffolk County, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)  877 575-1400
Shechtman Halperin Savage LLP
86 Weybosset St. Providence, RI 02903

Attorneys (If Known)  Karl F. Stammen, Jr., Esq
137 South Street, Suite 3
Boston, MA 02111

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. sec. 1681
Brief description of cause:
Allegations of inaccurate and unfair credit reporting

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 19,653.70 + interest/fe
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____